TAYLOR, Judge.
One of the issues raised by appellant is whether the prosecutor’s use of his peremptory challenges violated the rule of *112 Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
Our Supreme Court has recently released an opinion on this subject in Ex parte Branch, 526 So.2d 609 (Ala.1987) (modified on rehearing, December 4, 1987). The Alabama Supreme Court’s decision in Branch reviewed in detail the holding of the Supreme Court of the United States in Bat-son, supra, and its own ruling in Ex parte Jackson, 516 So.2d 768 (Ala.1986). In Branch, our Supreme Court laid out guidelines to be followed by the lower courts of this state in the implementation of the mandates of Batson and Jackson. The Supreme Court then remanded Branch to this court with instructions for us to remand the case to the trial court, which we did, Branch v. State, 526 So.2d 634 (Ala.Cr. App.1988), so as to allow the trial court to again review the proceedings conducted before it, applying the guidelines set out in its opinion.
We find that the instant circumstances warrant additional consideration under the Branch guidelines. See, Avery v. State, 545 So.2d 123 (Ala.Cr.App.1988). Further, this court is bound by law to follow the decisions of our Supreme Court. Section 12-3-16, Code of Alabama 1975. Accordingly, it is incumbent upon us to remand this case to the Circuit Court of Jefferson County, with directions to review the proceedings conducted before it, using the guidelines adopted by the Supreme Court; the circuit court is directed to file a return with this court within a reasonable time containing the testimony and setting out its written findings and conclusions.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
TAYLOR, Presiding Judge
On remand the Circuit Court for Jefferson County conducted a hearing in accordance with our order. The court found race-neutral and nondiscriminatory reasons for the strikes of black venire persons. We are satisfied that the court’s findings are correct and that no violation of the principles of Ex parte Branch, 526 So.2d 609 (Ala.1987); and Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), occurred.
The appellant contends that a portion of his statement, in which he questioned the ownership of a sawed-off shotgun, should not have been admitted into evidence. He argues that this was not relevant and was only received to indicate his bad character. Later in the statement, however, he admitted that the shotgun used in the robbery belonged to him, and admitted as well that he was “lookout man” for the others during the commission of the robbery and homicide. Nothing could have been more relevant than his admission that the sawed-off shotgun was his. If evidence is admissible upon any theory, then it is due to be received. Jordan v. State, 380 So.2d 999 (Ala.Cr.App.1979); C. Gamble, McElroy’s Alabama Evidence, § 200.15 (3d ed. 1977).
Accordingly, this conviction is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.